RONALD I. LeVINE, ESQ.
210 RIVER STREET SUITE 11
HACKENSACK, NJ 07601
(201) 489-7900
(201) 489-1395 FAX
Attorney for Debtors
RL9395

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

In Re:

JOSE CORDOVA AND
NANCY PAVIC

Debtor.

Case No. 13-cv-810(KM)

GARY S. JACOBSON
Chapter 7 Trustee

Appellant

v.

JOSE CORDOVA AND
NANCY PAVIC

Appellees

**ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY CHAPTER 7 CASE NO. 12-15054NLW**

**BRIEF OF THE DEBTOR APPELLEE IN SUPPORT OF AFFIRMANCE OF THE BANKRUPTCY COURT DECISION**

On the Brief:
Robert Wachtel, Esq.

Table of Contents

TABLE OF AUTHORITIES.................................................. i

STATEMENT OF ISSUES PRESENTED................................. 1

STATEMENT OF THE CASE............................................... 1, 2

LEGAL ARGUMENT

I. THE ABSOLUTE ASSIGNMENT OF RENTS TOOK THE PROPERTY OUT OF THE BANKRUPTCY ESTATE REGARDLESS OF WHETHER THE MORTGAGE COMPANY EXERCISED ITS REVOCATION OF THE LICENSE ALLOWING DEBTORS TO COLLECT THE RENT.......2, 3, 4, 5

II. THE TRUSTEE'S EFFORT IN THE COURT BELOW TO BRING THE RENTAL PROCEEDS INTO THE ESTATE UNDER 11 U.S.C. 541(B)(6) IS UNAVAILING UNDER *JASON REALTY*......................5, 6

III. IN THE EVENT THE TRUSTEE CONVINCES THIS COURT THAT THE RENTAL PROCEEDS STAYED INSIDE THE BANKRUPTCY ESTATE DESPITE THE ABSOLUTE ASSIGNMENT, SECTION 541 (b)(1) WOULD STILL PRECLUDE THE TRUSTEE FROM BRINGING THE PROPERTY INTO THE ESTATE BECAUSE THE POWER EXERCISED BY THE DEBTOR IN COLLECTING THE RENTS WAS SOLELY FOR THE BENEFIT OF AN ENTITY OTHER THAN THE DEBTOR. .............................. 6, 7, 8

IV. THE CASES CITED IN APPELLANT'S BRIEF IN SUPPORT OF THE PROPOSITION THAT CONGRESS INTENEDED A BROAD RANGE OF PROPERTY TO BE INCLUDED IN THE ESTATE, ARE NOT APPLICABLE TO THE FACTS IN THIS CASE. .............................. 8, 9

CONCLUSION...................................................9

# TABLE OF AUTHORITIES

Cases

*Butner v. United States*
440 U.S.48,55, 99 S.Ct. 914, 918, 59 L.Ed. 2d 136 (1979).............. 5, 6

*Equitable Trust Co. v. Rochling*
275 U.S. 248 (1927).......................................................... 6

*In re Jason Realty*......................................................... 2, 3, 4, 5, 6
59 F.3d 423 (3rd Cir. 1995)

*Mahlon v. Stowers*
416 U.S. 100 (1974).......................................................... 6, 9

*Matter of Glen Properties*.................................................... 5
168 B.R. 537 (D.N.J. 1993)

*New Jersey Nat'l Bank & Trust Co. v. Wolf*................................ 3
108 N.J. Eq. 412, 155 A.2d 372 (N.J.Ch. 1931)

*Paramount Bldg. & Loan Ass'n of City of Newark v. Sacks*.............. 3
107 N.J.Eq. 328, 152 A.2d 457 (NJ Ch. 1930)

*United States v. Whiting Pools, Inc.*
472 U.S. 198, 204 (1983)........................................................ 8

Statutes

11 U.S.C. §541(a)(1)......................................................... 2

11 U.S.C. §541(a)(6).......................................................... 6,7

11 U.S.C. §541(b)(1).......................................................... 7

11 U.S.C.§704(A)............................................................. 7

## STATEMENT OF ISSUES PRESENTED

1. Whether the effect of the 3rd Circuit opinion in *In re Jason Realty,* 59 F.3rd 423 (3rd Cir. 1995) holding that assigned rents should not be classified as property of the estate under 11 U.S.C. § 541(a)(1), does not apply under our facts because the assignee had not served notice to the tenants that rents were to go directly to it?

2. Assuming the assigned rents are not property of the estate, has the Trustee standing to bring a turn over motion?

3. Even assuming arguendo that the Trustee has an interest in the unrevoked license, is that right for the benefit of an entity other than the debtor, and therefore not reachable by the Trustee under 11 U.S.C. §542(b)(1)?

## STATEMENT OF THE CASE

The salient facts are essentially accurately set forth in the Appellant's brief with one important correction. On page 4 the brief recites that "However, the Debtor's discussion of the terms of the document failed to include the right of the Debtors to collect the rent unless certain notices had been issued by the Lender. Debtor, did however admit that no notice of default had been issued to them by the Lender."

The second full paragraph in page three of our initial Brief **(Tab #3)** reads: "While in *Jason Realty* the Bank had sent a notice of default, which to the best our the undersigned's knowledge was not done here, the Court in *Jason Realty* made very clear that the unconditional assignment was effective regardless of whether there was a licensing arrangement which was revocable upon a default." The point is that there was a very full discussion of the fact that the Debtor's right to collect the rents had not been revoked, and that that fact did not change the

impact of Jason Realty and its basic holding that an absolute Assignment of Rents removed those rents as property of the estate under 11 U.S.C. §541(a). Those ownership rights of the Assignee PHH means that the Trustee cannot reach those rents regardless of whether there is language in certain Code sections that could be read to cover those proceeds. Judge Winfield properly concluded that under *Jason Realty,* even without having revoked the license to collect the rents, the ownership of those rents belonged still to PHH and thus were not property of the Bankruptcy estate.

It might also be noted that PHH filed a motion to vacate the automatic stay that was granted in August of 2012. That motion clearly provided Notice to the Debtors of their default, and therefore this notice of default while not a sufficient condition to revoke the license to collect rents under the 1-4 Family Rider that contained the assignment, was sufficient to have the proceeds collected by the Debtors to be held as Trustee for the benefit of Lender only pursuant to the same Rider.

## LEGAL ARGUMENT

### I. THE ABSOLUTE ASSIGNMENT OF RENTS TOOK THE PROPERTY OUT OF THE BANKRUPTCY ESTATE REGARDLESS OF WHETHER THE MORTGAGE HAD NOT EXERCISED ITS REVOCATION OF THE LICENSE ALLOWING DEBTORS TO COLLECT THE RENT.

The Bankruptcy Code 11 U.S.C. 541(a)(1) defines those elements that comprises the Bankruptcy Estate, and provides:

> (a) The commencement of a case under sections 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property wherever located and by whoever held:
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case. …

The issue addressed in *Jason Realty*, is precisely the issue involved in the Trustee's turn over motion before Judge Winfield. The *Jason* court succinctly stated: "The issue before us is whether the assigned rents should have been classified as property of the estate under 11 U.S.C. §541(a)(1)". (P. 426) The *Jason* issue centered around title to the rents of a commercial property in which the mortgagee held a mortgage that contained the following assignment language:

> That the Assignor for good and valuable consideration, receipt whereof is hereby acknowledged, hereby grants, transfers and assigns to the Assignee, the entire lessor's interest in and to those certain leases... Together with all rents, income and profits arising from said leases. App. at 78 The assignment included the following "terms, covenants, and conditions:
>
> So long as there shall exist no default by the Assignor in the payment of the principal sum, interest and indebtedness secured thereby and by said Note and Mortgage, ... the Assignor shall have the privilege to collect all rents, income and profits arising under said leases... (at P. 425)

The *Jason Realty* court found that under New Jersey law, it is settled that an assignment of rents passes title to the assignee. The court cites to *Paramount Bldg. & Loan Ass'n of City of Newark v. Sacks*, 107 N.J. Eq.328, 152 A. 457 (N.J. Ch. 1930). It then continues at P. 427 - 428

> An absolute assignment transfers title to the assignee upon its execution. *New Jersey Nat'l Bank & Trust Co. v. Wolf* 108 N.J. Eq. 412, 155 A. 372 (N.J. Ch. 1931). An assignment is absolute if its language demonstrates an intent to transfer immediately the assignor's rights and title to the rents. (citation omitted). The instant assignment was quintessentially absolute, because it was a total assignment in per verba de praesenti: Jason Realty "hereby grants, transfers , and assigns to the assignee the entire lessor's interest in and to those certain leases ...together with all rents". These parties mutually agreed in words of the present to transfer full title to the rents. This exchange inescapably and unambiguously expressed an agreement to assign present title.

Under our facts we have even stronger unconditional language than was present in *Jason Realty*. The language in the separate instrument attached to the Mortgage itself and titled 1-4

Family Rider (Assignment of Rents) states in subparagraph H that is fully set forth in p.3-4 of Judge Winfield's decision:

> Borrower absolutely and unconditionally assigns and transfers to Lender all rents and revenues ("Rents" of the Property, **regardless of to whom the rents of the property are payable.** (Boldness added)... This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

In the words of Jason Realty, these parties mutually agreed in the words of the present to transfer full title to the rents. This exchange inescapably and unambiguously expressed an agreement to assign present title.

The court in *Jason Realty* made very clear that the unconditional assignment was effective regardless of whether there was a licensing arrangement that was revocable upon a default. The court states as follows at P. 428- 429 in citing to an earlier New Jersey case of *Stanton v. Metropolitan Lumber Company*, 108 N.J. Eq. 345, 152 A. 653 (Ch. 1930): **The assignment of rents is distinct and independent of the means granted the mortgagee to collect them. The title to them was to pass to the mortgagee upon default whether the procedure was or not adopted, not that it was to pass only if set in motion.** (Bold added) In our case the language had the title pass immediately, and not upon default. The important point is that a method of collection is separate and apart from the passing of title.

The Trustee is simply wrong when he argues on P. 9 of his brief that *Jason Realty* is distinguishable because in *Jason Realty* the debtor no longer had a license to collect and use the rents.

In returning to the assignment at hand in *Jason Realty*, Id. 428,429the court noted the following:

> The instrument evidences an absolute assignment of title to the rents, with the assignor receiving a license to collect the rents. Our

> reasoning is informed by Judge Debevoise of the District of New Jersey, who interpreted a similar assignment clause in *Matter of Glen Properties*, 168 B.R. 537 (D.N.J. 1993). That assignment provided that the assignor "for value received... does hereby sell, assign, transfer, set over and deliver unto the Assignee all leases ... together with the immediate and continuing right to collect and receive all the rents." (citation omitted) The assignment also provided "That as long as there shall exist no default by Assignor in the payment of any indebtedness secured hereby, Assignor shall have the right under a license granted hereby ... to collect upon... all of said rents." (citation omitted) We fail to perceive a meaningful difference between the assignment clause in Glen Properties and the assignment presently before us, and concur in Judge Debevoise's conclusion that it is "quite clear" that such language evidences an absolute assignment. ...
>
> Accordingly, the district court properly concluded that the rents were assigned to First Fidelity and were not property of the bankruptcy ... IV. In Part III we conclude the law of New Jersey is clear. And of course, the bankruptcy courts are strictly bound to apply this state's law to property interests under the teachings of Butner.... Although our decision here may create serious obstacles for debtors whose sole income is rents, *Butner* mandates that we interpret the assignment as New Jersey courts would construe it outside the Bankruptcy context.

The language of assignment in our case is even stronger and less ambiguous in its delineation as an absolute and unconditional assignment in a separate document outside the regular mortgage document. The passing of title to the Assignee PHH Bank for the rents occurred on August 30, 2007, the date the borrowers signed the 1-4 Family, and was not contingent on whether the license arrangement and revocation of same was or was not adopted.

## II. THE TRUSTEE'S EFFORT IN THE COURT BELOW TO BRING THE RENTAL PROCEEDS INTO THE ESTATE UNDER 11 U.S.C. 541(B)(6) IS UNAVAILING UNDER *JASON REALTY* AND *BUTNER V. UNITED STATES*

While the Trustee had tried to argue that the rents are property of the estate under the terms of §541(a)(6), as proceeds, product, offspring, rents and profits of or from property of the

estate, to allow the trustee to proceed under that section would be contrary to the New Jersey law that recognizes an Absolute Assignment of Rents.

*Jason Realty*, Id. P.427 anticipated this possible difference of Bankruptcy Code provisions contrary to state law and held:

> We must determine whether the assignment conveyed title to First Fidelity or, instead, pledged the rents as security. Assignments of rents are interests in real property and, as such, are created and defined in accordance with the law of the situs of the real property. *Butner v. United States,* 440 U.S. 48, 55, 99 S. Ct. 914, 918, 59 L.Ed.2d 136(1979); *Commerce Bank*, 5 F.3d at 37. A federal court in bankruptcy is not allowed to upend the property law of the state in which it sits, for to do so would encourage forum shopping and allow a party to receive "a windfall merely by reason of the happenstance of bankruptcy." *Butner*, 440 U.S. at 55, 99 S. Ct. at 918.

The Trustee argues on P.7 of his brief that "As a general proposition under federal bankruptcy law, unless the debtor holds property as an agent or in trust, the property will become an asset of the estate and be subject to bankruptcy administration. But neither of the two Supreme Court decisions the brief cites in support of this proposition, *Mahlon v. Stowers* and *Equitable Trust Co. v. Rochling* involved property that under state law was found to be classified as not property of the Bankruptcy estate, as we have under our facts. Thus those cases are totally distinguishable. Furthermore, allowing the Trustee to collect the rents under §541(a)(6) would subvert the property state rights PHH enjoys in those rents by virtue of the absolute assignment it received from the Debtors.

## III. IN THE EVENT THE TRUSTEE CONVINCES THIS COURT THAT THE RENTAL PROCEEDS STAYED INSIDE THE BANKRUPTCY ESTATE DESPITE THE ABSOLUTE ASSIGNMENT, SECTION 541 (b)(1) WOULD STILL PRECLUDE THE TRUSTEE FROM BRINGING THE PROPERTY INTO THE ESTATE BECAUSE THE POWER EXERCISED BY THE DEBTOR IN COLLECTING THE

**RENTS WAS SOLELY FOR THE BENEFIT OF AN ENTITY OTHER THAN THE DEBTOR.**

11 U.S.C. § 541(b) sets forth that property of the estate does not include – (1) any power that the debtor may exercise solely for the benefit of an entity other than the debtor. Clearly, the license to collect the rents was solely for the purpose of having the Debtors manage the collection of rents for PHH who had ownership of the rents. There is simply no Code section available to the Trustee that can be found in the Code that allows him to step into the shoes of PHH to pursue the rental proceeds without violating the holding of *Jason Realty*.

11 U.S.C.§704(A) that defines the Duties of the Trustee states "(a) the trustee shall collect and reduce to money the property of the estate…". The Chapter 7 Trustee is entrusted with generating funds for the unsecured creditor body. The rental proceeds titled into PHH and found under *Jason Realty* not to be property of the Bankruptcy Estate cannot be made available to the unsecured creditor body. This is also not consistent with the duty of the Trustee to collect only the property of Finally, the Trustee improperly says that the Assignee never gave a notice of default to the Debtors. What is proper to say is that the Assignee did not give Notice to the tenants that their rents should be paid to PHH, but it is totally misleading to say that the debtors never received a notice from PHH of their default. PHH had instituted a foreclosure action in 2010 and such a proceeding would require that notice of default be given to the Debtors. As a matter of record, such notice was certainly received by the Debtors when PHH filed its Motion to Vacate Stay on June 25, 2012. That motion had a calculation sheet of very substantial arrears. The second paragraph of Subparagraph H provides:

> If Lender gives notice of default to Borrower (i) all rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security instrument; …

This aspect of the Notice of Default was not really investigated or argued below, because concededly the first paragraph of subparagraph H that deals with the two conditions for the revocation of the license to collect the rents was not in issue because apparently had notice was not given to the tenants to begins paying their rents directly to PHH.

## IV. THE CASES CITED IN APPELLANT'S BRIEF IN SUPPORT OF THE PROPOSITION THAT CONGRESS INTENEDED A BROAD RANGE OF PROPERTY TO BE INCLUDED IN THE ESTATE, ARE NOT APPLICABLE TO THE FACTS IN THIS CASE.

Appellant cites the Supreme Court decision in *United States v. Whiting Pools, Inc.,* 472 U.S. 198, 204 (1983) where the IRS was required to turn over to the bankruptcy estate property that it had seized from the debtor to secure a tax lien, finding that the debtor retained ownership of the property because the creditor had not pursued its remedies to the point where ownership could be transferred through a tax sale. In *Whiting*, the property was returned to the debtor still subject to a lien which the debtor proposed to pay off in a Plan. In contrast, the Trustee in this case wants to collect the rent but not pay the mortgage nor the real estate taxes, insurance, repairs or other expenses of maintenance of the real estate. It is also to be noted that the Assignee PHH mortgage has received Relief from the automatic stay in the Bankruptcy Court, making clear its intention of taking back all attributes of ownership, including collecting the rents.

In our case Judge Winfield ruled that the debtor's ability to collect the rents because of the Assignee's not having revoked the license, does not provide the Debtors with a property interest in the rents. Obviously in *Whiting* the court found that ownership had not yet left the

debtor, where here under *Jason Realty*, the rental proceeds had as of the signing of the absolute assignment of rents.

As previously discussed above, the Appellant cites to a 1927 Supreme Court decision in *Equitable Trust Co. v. Rochling*, 275 U. S. 248 (1927) where the debtor had ownership, dominion and control over the proceeds of two cashier's checks, but there was no indication that the debtor acted as an agent for a third party in cashing the checks, the Court held that the third party had no right to reclamation in the proceeds held by the bankruptcy trustee and was an ordinary creditor. The brief also cites to *Mahlon v. Stowers* 416 U.S. 100 (1974) where the court refused to impose a trust against a Bankruptcy Trustee on proceeds of cattle held by the debtor where the seller remain unpaid in a cash transaction. Again, neither of those cases has the essential fact at issue here, that there had been an assignment of ownership of the rental proceeds to the Lender PHH. This Court would have to find that the absolute assignment of rents was somehow voided by the assignee's failure to revoke the license to collect the rents. It is Appellee's position that there is no law in New Jersey, or in this Circuit to support such a proposition. It would also ignore the fact that all mortgage instruments have standard anti-waiver language that provides that the failure of the Lender to do an act will not serve to waive any of its rights.

## CONCLUSION

Based on the forgoing incontrovertible facts and binding law in this Circuit, the Bankruptcy Court's holding that the rents to the Lender were not property of the estate, and therefore the trustee had no standing to compel turnover, should be affirmed. Furthermore, even if the Court were to find that the license to collect the rents was property of the estate,

Respectfully submitted,

*/s/Robert Wachtel*______
Robert Wachtel